FILED
CLERK, U.S. DISTRICT COURT

11/14/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RYO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:25-cr-00939-JVS |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Dealing in Firearms Without a License; 18 U.S.C. § 933(a)(1): Firearms Trafficking; 26 U.S.C. § 5861(d): Possession of Unregistered Short-Barreled Rifle; 26 U.S.C. § 5861(i): Possession of Un-Serialized Short-Barreled Rifle; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 26 U.S.C. § 5872; and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JOSE GUADALUPE VASQUEZ JR., and FABIAN CHRISTIAN PADILLA, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.    INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants JOSE GUADALUPE VASQUEZ JR. ("VASQUEZ") and FABIAN CHRISTIAN PADILLA ("PADILLA"), did not have a federal firearms license issued by the United States

Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.    OBJECTS OF THE CONSPIRACY

Beginning on an unknown date and continuing until at least on or about March 27, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendants VASQUEZ and PADILLA, together with others known and unknown to the Grand Jury, knowingly conspired with each other to commit offenses against the United States, namely, to willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A), and firearms trafficking, in violation of Title 18, United States Code, Section 933(a)(1).

C.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendant VASQUEZ would offer to sell firearms to gun customers in Los Angeles, who expressed interest in the guns to traffic to Mexico.

2.    Defendant VASQUEZ would coordinate the date, time, and location of the firearms sale.

3.    Defendants VASQUEZ and PADILLA would sell firearms to the gun customers.

D.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants VASQUEZ and PADILLA, and others known and unknown to the Grand Jury, committed

2

various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On or about December 16, 2024, defendant VASQUEZ sent a gun customer a photograph of three guns and said he was selling the "40."

Overt Act No. 2:  On or about December 18, 2024, defendant VASQUEZ sent a gun customer a photograph of a revolver, which he offered to sell to the gun customer.

Overt Act No. 3:  On or about January 7, 2025, defendant VASQUEZ sent a gun customer a photograph of three guns, and he offered to sell a "pocket rocket" for $1,200.

Overt Act No. 4:  Between January 18, 2025, and January 22, 2025, in a series of text messages and phone calls, defendant VASQUEZ discussed selling guns to a gun customer, and the customer told defendant VASQUEZ that he bought guns in the United States to transport the guns to Mexico.

Overt Act No. 5:  On or about January 23, 2025, defendants VASQUEZ and PADILLA sold three guns to a gun customer.

Overt Act No. 6:  During the gun transaction on January 23, 2025, the gun customer told defendants VASQUEZ and PADILLA that he bought guns in the United States to transport the guns to Mexico.

Overt Act No. 7:  Between January 24, 2025, and January 30, 2025, in a series of text messages and phone calls, defendant VASQUEZ discussed selling guns to a gun customer.

Overt Act No. 8:  On or about January 30, 2025, defendants VASQUEZ and PADILLA sold five guns to a gun customer.

Overt Act No. 9:  During the gun transaction on January 30, 2025, the gun customer told defendants VASQUEZ and PADILLA that he could not cross the border to Mexico with the boxes the guns were in.

Overt Act No. 10:  Between February 2, 2025, and February 19, 2025, in a series of text messages and phone calls, defendant VASQUEZ discussed selling guns to a gun customer.

Overt Act No. 11:  On or about February 19, 2025, defendants VASQUEZ and PADILLA sold five guns to a gun customer.

Overt Act No. 12:  Between February 21, 2025, and March 27, 2025, in a series of text messages and phone calls, defendant VASQUEZ discussed selling guns to a gun customer.

Overt Act No. 13:  On or about March 27, 2025, defendant VASQUEZ sold five guns to a gun customer, including a short-barreled rifle.

Overt Act No. 14:  During the gun transaction on March 27, 2025, the gun customer told defendant VASQUEZ that he transported guns to Mexico.

4

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than January 23, 2025, and continuing to on or about March 27, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE GUADALUPE VASQUEZ JR. ("VASQUEZ") and FABIAN CHRISTIAN PADILLA ("PADILLA"), each aiding and abetting the other and others known and unknown to the Grand Jury, not being licensed importers, manufacturers, or dealers of firearms, willfully engaged in the business or dealing in firearms, specifically, the sales of the following firearms on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| January 23, 2025 | VASQUEZ and PADILLA | **(1)** Taurus, model G3C, 9mm pistol, bearing serial number ACK348679; **(2)** Sarsilmaz, model B6 C, 9mm pistol, with serial number T1102-21G60971; and **(3)** MasterPiece Arms, model MPA57DMG, 5.7 caliber pistol, with serial number V8092 |
| January 30, 2025 | VASQUEZ and PADILLA | **(1)** Remington, model 1911 R1, .45 caliber pistol, with serial number RHH006286; **(2)** Springfield Armory, model XD45, .45 caliber pistol, with serial number XD647858; **(3)** Smith & Wesson, model 64, .38 caliber revolver, with serial number 64616; **(4)** Smith & Wesson, model SW40VE, .40 caliber pistol, with serial number DWK5494; and **(5)** Star B. Echeverria, model AS, .38 caliber pistol, with serial number 1182843 |
| February 19, 2025 | VASQUEZ and PADILLA | **(1)** Smith & Wesson, model M&P, .45 caliber pistol, with serial number DYD7697; |

| | | |
|---|---|---|
| | | **(2)** Grand Power, model STRIBOG SP9 A1, 9mm caliber pistol with serial number GSA16842;<br>**(3)** Arsenal, model SLR 95, 7.62 caliber rifle, with serial number IK 37 3369;<br>**(4)** Anderson, model AM-15, 5.56 caliber rifle, with serial number 20097658; and<br>**(5)** Ruger, model Mark II, .22 caliber pistol, with serial number 221-55956 |
| March 27, 2025 | VASQUEZ | **(1)** Ruger, model AR-556, 5.56 caliber rifle, with serial number 852-84829;<br>**(2)** German Sports Guns, model GSG-5, .22 caliber rifle with serial number A346517; and<br>**(3)** privately manufactured short-barreled rifle, 5.56 caliber, without a serial number |

COUNT THREE

[18 U.S.C. §§ 933(a)(1), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date and continuing until at least on or about March 27, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE GUADALUPE VASQUEZ JR. and FABIAN CHRISTIAN PADILLA, each aiding and abetting the other and others known and unknown to the Grand Jury, shipped, transported, transferred, and caused to be transported, and otherwise disposed of, the firearms listed below, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by the recipient would constitute a felony, namely, the illegal export of firearms, in violation of Title 18, United States Code, Section 554, and gun smuggling, in violation of Title 18, United States Code, Section 924(k)(2):

- Taurus, model G3C, 9mm pistol, bearing serial number ACK348679;

- Sarsilmaz, model B6 C, 9mm pistol, with serial number T1102-21G60971;

- MasterPiece Arms, model MPA57DMG, 5.7 caliber pistol, with serial number V8092;

- Remington, model 1911 R1, .45 caliber pistol, with serial number RHH006286;

- Springfield Armory, model XD45, .45 caliber pistol, with serial number XD647858;

- Smith & Wesson, model 64, .38 caliber revolver, with serial number 64616;

7

- Smith & Wesson, model SW40VE, .40 caliber pistol, with serial number DWK5494;
- Star B. Echeverria, model AS, .38 caliber pistol, with serial number 1182843;
- Smith & Wesson, model M&P, .45 caliber pistol, with serial number DYD7697;
- Grand Power, model STRIBOG SP9 A1, 9mm caliber pistol with serial number GSA16842;
- Arsenal, model SLR 95, 7.62 caliber rifle, with serial number IK 37 3369;
- Anderson, model AM-15, 5.56 caliber rifle, with serial number 20097658;
- Ruger, model Mark II, .22 caliber pistol, with serial number 221-55956;
- Ruger, model AR-556, 5.56 caliber rifle, with serial number 852-84829; and
- German Sports Guns, model GSG-5, .22 caliber rifle with serial number A346517.

COUNT FOUR

[26 U.S.C. § 5861(d)]

[DEFENDANT VASQUEZ]

On or about March 27, 2025, in Los Angeles County, within the Central District of California, defendant JOSE GUADALUPE VASQUEZ JR. ("VASQUEZ") knowingly possessed a firearm, namely, a rifle bearing no serial number, with a barrel less than 16 inches in length, which defendant VASQUEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant VASQUEZ in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

9

COUNT FIVE

[26 U.S.C. § 5861(i)]

[DEFENDANT VASQUEZ]

On or about March 27, 2025, in Los Angeles County, within the Central District of California, defendant JOSE GUADALUPE VASQUEZ JR. ("VASQUEZ") knowingly possessed a firearm, namely, a rifle bearing no serial number, with a barrel less than 16 inches in length, which defendant VASQUEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

10

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses;

(b) all right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

11

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Count Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 934 and 924]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of any defendant's conviction of the offense set forth in of Count Three of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)  All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

14

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Four or Five of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

/ / /

/ / /

16

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

JOSHUA J. LEE
Assistant United States Attorney
Acting Deputy Chief, Domestic
Security & Immigration Crimes
Section

17